IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JASON LEON DIEDRICH,

                      Plaintiff,                    CIVIL ACTION NO. 4:15cv2

THE CITY OF NEWPORT NEWS,
VIRGINIA, et. al.,

                      Defendants.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Defendants' Motion for Attorney's Fees. ECF No. 14. In addition to their Motion, Defendants have filed a Memorandum in Support, ECF No. 15, and an Affidavit of Attorney Darlene P. Bradberry. Plaintiff has filed a Memorandum in Opposition, ECF No. 16, and Defendants have filed a Rebuttal Brief, ECF No. 18. Defendants have also requested a hearing on their Motion. ECF No. 20. The Court has reviewed the Motion, the filings of the parties, and has recalled its extensive knowledge of this case and the associated cases. The Motion is now ripe and a hearing would not aid in the adjudicative process. For the reasons stated below, the Motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On January 12, 2015, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendants alleging that Defendants deprived Plaintiff of his liberty interests and property interests in violation of the United States Constitution. ECF No. 1. Plaintiff additionally brought state law claims for Negligent Infliction of Emotional Distress. Judgement was requested in the

1

amount of $10,000,000. Plaintiff requested an additional $350,000 in punitive damages against each individual Defendant.

The facts underlying the Complaint are recounted in great detail in *Diedrich v. City of Newport News*, Civil Action No. 4:04cv9 ("Diedrich I") and the Court's Order of August 11, 2015, ECF No. 12. The pertinent facts giving rise to Plaintiff's Complaint, as described by this Court in its Order on the Motion to Dismiss, are as follows:

Plaintiff was hired by the City of Newport News Police Department in 1991. Initially employed as a law enforcement officer, Plaintiff's employment was terminated in May 1995 after he was arrested and charged with grand larceny and perjury in April 1995. Acquitted of the charges, Plaintiff was reinstated in October 1996.

In October 2002, six years later, then-Chief of Police Dennis A. Mook transferred Plaintiff from his law enforcement position to a civilian position in the Records Division. Plaintiff's law-enforcement authority and permission to hold secondary employment (i.e., moonlight) were rescinded at this time. Thereafter, Plaintiff filed a grievance and challenged his transfer to the Records Division as an illegal disciplinary and punitive action.

Unable to obtain relief through the grievance process, Plaintiff filed a Section 1983 suit in this Court, Diedrich I, alleging, inter alia, deprivation of liberty under the Fifth Amendment, and deprivation of due process under the Fourteenth Amendment of the United States Constitution. Specifically, Plaintiff alleged that his transfer to the Records Division was for punitive reasons and amounted to a demotion. Plaintiff also alleged a property interest in secondary employment. In addition, Plaintiff brought state law claims for intentional and negligent infliction of emotional distress.

The Court found that (1) Plaintiff had failed to assert a liberty interest under the Fifth Amendment because he remained employed, and (2) he had failed to assert a property interest under the Fourteenth Amendment because (a) he was not entitled to a particular departmental assignment, and (b) could not assert a property interest in secondary employment. On April 26, 2004, pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court dismissed Plaintiff's § 1983 claims. The Court declined to exercise jurisdiction over Plaintiff's state law claims.

Following Diedrich I, in November 2006, Plaintiff was transferred from the Records Division to the Recruiting Division, and assigned as a Recruiter and background investigator. (Pl.'s Compl. ¶ 30.) In that role, Plaintiff conducted background investigations on newly hired police recruits. (Pl.'s Compl. ¶ 31.) In December 2010, Plaintiff received permission from then-Chief of Police James D. Fox to apply for a Training Detective position in the Training Unit. (Pl.'s Compl. ¶ 32–33.) Deemed the most qualified for the position, Plaintiff was selected and transferred to the Training Unit on December 16, 2010. (Pl.'s Compl. ¶ 34–35.) That year, Chief Fox also permitted Plaintiff to once again hold secondary employment. (Pl.'s Compl. ¶ 38.) Thereafter, Abbitt Management hired Plaintiff as a courtesy officer. (Pl.'s Compl. ¶ 39.)

On January 16, 2014, Richard W. Myers was sworn in as Chief of Police for the Newport News Police Department. (Pl.'s Compl. ¶ 40.) On January 31, 2014, Chief Myers suspended Plaintiff's duties as Training Detective. (Pl.'s Compl. ¶ 41.) In February 2014, Chief Myers launched a review into Plaintiff's 1996 charges. (Pl.'s Compl. ¶ 44.) Plaintiff alleges that despite his exoneration, on March 16, 2014, Plaintiff was punitively transferred from the position of Training Detective to a civilian position in the Records Division and thereby suffered a significant demotion, tantamount to an outright dismissal. (Pl.'s Compl. ¶ 47.) Plaintiff was also stripped of all police authority and all secondary positions. *Id.*

Plaintiff also alleges that Defendants publicized the adverse employment actions when they ordered Sgt. Karen Bozeman of the Newport News Police Department to inform Abbitt Management, Plaintiff's secondary employer, of the actions that were taken against Plaintiff. (Pl.'s Compl. ¶ 49.) Abbitt subsequently terminated Plaintiff's employment. *Id.*

On May 28, 2014, Plaintiff filed a grievance pursuant to Virginia Law-Enforcement Officer's Procedural Guarantee Act, Virginia Code § 9.2-500-9.2-507 and claimed a demotion and transfer for punitive reasons. (Pl.'s Compl. ¶ 51.) The City Manager's designee determined that Plaintiff's issues were "nongrievable." (Def.'s Mot. to Dismiss, Ex. G, "In Re: Jason L. Diedrich Grievance #14-06, MISC. No.: CL1401293F-15 (Grievability Appeal)".) Plaintiff appealed the decision to the Circuit Court for the City of Newport News which determined, inter alia, that (1) Plaintiff's transfer to the Records Unit was not a disciplinary demotion, (2) the transfer was fully within the rights reserved to the management of the City of Newport News, and (3) the matter was not grievable. *Id.* On September 23, 2014, Plaintiff filed a petition for appeal with the Supreme Court of Virginia.

On January 12, 2015, while his petition for appeal was still pending with the Supreme Court of Virginia, Plaintiff filed his Complaint. The Virginia Supreme Court dismissed Plaintiff's complaint on Defendant's motion to dismiss for lack of subject matter jurisdiction.

On August 11, 2015, the Court granted Defendants' Motion to Dismiss Counts One and Two. ECF No. 12. The Court declined to exercise discretion over Count Three, which alleged state law claims for Intentional Infliction of Emotional Distress. *Id.*

On August 24, 2015, Defendants filed the instant Motion. This matter has been fully briefed and is now ripe for judicial determination.

## II. LEGAL STANDARD

District Courts of the United States enjoy broad discretion in determining whether a prevailing party may recover reasonable attorney's fees. *E.E.O.C. v. Great Steaks, Inc.*, 667 F.3d 510, 517 (4th Cir. 2012); *Rum Creek Coal Sales v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994); *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998). Section 1988 of Title 42 of the United States Code provides that, "[i]n any action or proceeding to enforce a provision of section...1983...of this title...the court, in its discretion, may allow the prevailing party,...a reasonable attorney's fee as a part of the costs..." 42 U.S.C. § 1988.

In the context of suits brought under Section 1983, a prevailing defendant may recover attorney's fees if the court finds that the plaintiff's action was "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). A claim meets this standard when it is lacking in merit at the time it was filed. *Bobby v. Sch. Bd. of City of Norfolk*, 54 F. Supp. 3d 466, 470 (E.D. Va. 2014).

The amount of fees that is proper in a given case depends upon the court's calculation of the "lodestar figure," or the reasonable hourly rate times the number of hours reasonably expended by an attorney on the case. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1987). The factors the court must consider are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the legal experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the

professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Id.* at 226 n. 28. The *Kimbrell's* review is not an exhaustive discussion of each and every factor, but rather a discussion of "those factors that are relevant to [the Court's] determination of the reasonable amount of attorney fees to award in each particular case." *Kennedy v. A Touch of Patience*, 779 F. Supp. 2d 516, 526 (E.D. Va. 2011).

### III. DISCUSSION

The question before this Court is simple: Are Defendants entitled to reasonable attorney's fees, and if so, in what amount? Defendants argue that the Court should grant fees because "Plaintiff's attempt to re-litigate an issue decided by the Circuit Court fo the City of Newport News in this court was frivolous, unreasonable, and without foundation." ECF No. 15 at 3. Additionally, Defendants suggest the Court should award fees because "Plaintiff attempted to bring a cause of action for records within his personnel file that have been there by his own admission since 1996." *Id.* at 3. Plaintiff argues, in spite of all of the previous rulings on the very same issues raised in the Complaint by this and other courts, that the "claims were not 'frivolous, unreasonable, and without foundation.' An award of attorney's fees is not appropriate in this matter." ECF No. 16.

The Court will not use a Motion for Attorney's Fees as an opportunity to reopen and re-litigate this case. Plaintiff has had more than one full and fair opportunity to be heard on these claims. Plaintiff in this action simply sought to raise again issues that had been previously raised, and he sought to do so while similar claims were on appeal. Plaintiff's case is the very definition of frivolous, unreasonable, and without foundation. An award of attorney's fees is therefore absolutely appropriate.

The Court having found that fees are appropriate, the question becomes what amount of fees is reasonable. Defendants have submitted an affidavit of Attorney Darlene P. Bradberry, a Deputy City Attorney with over 20 years of experience in civil litigation in both public and private practice. ECF No. 15-1. Attorney Bradberry has suggested that an hourly rate of $150 is reasonable for an attorney defending 42 U.S.C. § 1983 cases. *Id.* Defendants request an award of $10,260, the total amount of fees for 68.4 hours of work at a rate of $150.

At no point in his filing does Plaintiff challenge the affidavit of Attorney Bradberry generally or her hours calculation and fee request specifically. The Court finds that $150 an hour is an absolutely reasonable fee for an attorney of Attorney Bradberry's qualifications and experience, and the worksheet attached as Exhibit A to the affidavit reasonably accounts for the time spent working on the case. In reviewing the *Kimbrell's* factors, the Court concludes that none of the factors counsel in favor of a finding for Plaintiff and the Court therefore finds an award of $10,260 to be reasonable and appropriate.

## IV. CONCLUSION

Therefore, for the reasons stated herein, Defendants' Motion for Attorney's Fees is **GRANTED**. Defendant is awarded attorney's fees in the amount of $10,260.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel for the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
March 31, 2016

Raymond A. Jackson
United States District Judge